```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

TIMOTHY T. WOODS,              )
                               )
            Plaintiff,         )
                               )
       v.                      )    No. 4:07-CV-507-RWS
                               )
EMERSON SMITH, et al.,         )
                               )
            Defendants.        )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Timothy T. Woods for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, having carefully reviewed the file, the Court finds that the complaint should be dismissed. See 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as 42 U.S.C. §§ 12132, 12182, and 12203 (American with Disabilities Act of 1990 ("ADA")), 29 U.S.C. § 794 (Rehabilitation Act of 1973) ("RA"), and Article I of the Missouri Constitution. The named defendants are Emerson Smith (Head Manager, Anheuser-Busch Employees' Credit Union), Pat Minor ("Worker," Anheuser-Busch Employees' Credit Union), May Harris

(Branch Manager, Anheuser-Busch Employees' Credit Union), Jane Huyll ("Worker," Anheuser-Busch Employees' Credit Union), Charles R. Klauke (Chairman, Anheuser-Busch Employees' Credit Union), Andy Dierkes (Vice-Chairman, Anheuser-Busch Employees' Credit Union), J. David Osborn (President, Anheuser-Busch Employees' Credit Union), Joe Herman (Secretary-Treasurer, Anheuser-Busch Employees' Credit Union), Jackie Brown ("Client," BJC Behavioral Health), Margietta Doe ("Jackie's Case Worker," BJC Behavioral Health), Mark Stansberry (Executive Director, BJC Behavioral Health), and Cherryl Crayton (Site Manager, BJC Behavioral Health). Plaintiff seeks unspecified declaratory and injunctive relief, as well as monetary damages in the amount of one million dollars for "emotional and mental stress in which named defendants caused."

Plaintiff alleges that a friend of his, defendant Jackie Brown, asked him if she could have her Social Security check deposited into plaintiff's account at the Anheuser-Busch Employees' Credit Union ("ABECU"). Plaintiff agreed to "letting her use his savings account for the month of March 2006 . . . at which [during] this time [he] would help [her] locate a better bank for her monthly checking deposit." On March 1, 2006, defendant Brown went to her bank, Bank of America, and tried to withdraw funds from her account, but could not. She then telephoned ABECU and said that plaintiff had taken her Social Security check. Upon learning of this, plaintiff went down to ABECU "to correct the matter." He

3

spoke with ABECU customer service representative, Pat Minor, as well as Branch Manager May Harris. Plaintiff claims that during this visit, several St. Louis police officers handcuffed him and questioned him, because ABECU "felt as if Ms. Brown was telling the truth and that [plaintiff] really did [steal her] identity and try to [steal her] check." Two days later, on March 3, plaintiff went to a credit union branch to cash a check, but he was told "he would not be able to cash his check due to the fact that a fraud alert [was] on his account." Plaintiff returned to ABECU to correct the matter. He spoke with Pat Minor and manager Emerson Smith, but Mr. Smith told plaintiff that he was leaving the fraud alert on his account, and that the "account would stay frozen and that [plaintiff] would never [have] another account at ABECU." Plaintiff states he has "made more [than] one attempt to try to correct the matter with his savings account," but ABECU "refused to correct the account so [he] could have his account back." Plaintiff claims that defendants "interfered with [his] personal, contractual and property rights, individually and in his association with a person with emotional and cognitive disabilities, and retaliated against [him] based on same."

**Discussion**

To state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. See, e.g., Parratt v.

Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). In the instant case, plaintiff does not claim, nor does it appear, that any of the defendants are state actors within the meaning of § 1983.

Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. Although plaintiff does not specify under which subsection of § 1985 he is proceeding, the Court will liberally construe the allegations under § 1985(3). To state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the complaint indicates that defendants were motivated by purposeful discrimination. Furthermore, nothing in the complaint indicates that plaintiff is a member of a protected class. As such, plaintiff's § 1985(3) claim will be dismissed as legally frivolous. Because a § 1986 action is dependent upon the existence of a § 1985 claim, plaintiff's § 1986 claim is also frivolous. See McIntosh v. Arkansas Republican Party-Frank White Election Committee, 766 F.2d 337, 340 (8th Cir. 1985).

5

Title II of the ADA prohibits qualified individuals with disabilities from being excluded from participation in, or the benefits of, the services, programs, or activities of a public entity. The term "public entity" is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1); Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999). The RA provides that no otherwise qualified individual with a disability shall be "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); id. The RA defines "program or activity" to include "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. § 794(b); id. Defendant ABECU is not a public entity within the meaning of the ADA or RA. Moreover, to state a prima facie claim under the ADA, a plaintiff must show that (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination based upon the disability. Id. at 858. The RA contains the additional requirement that the plaintiff show the program or activity from which he is excluded receives federal financial assistance. Id.

In the case at bar, plaintiff has wholly failed to state a claim under either the ADA or RA.

As such, having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous, and plaintiff has failed to state a claim or cause of action under 42 U.S.C. §§ 1983, 1985, 1986, the ADA, and/or the RA. Because this Court is dismissing all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claim. See 28 U.S.C. § 1367(c)(3); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988). The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 27th day of June, 2007.

_____
**UNITED STATES DISTRICT JUDGE**